# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND BRONOWICZ,                    )<br>                                       )<br>          Plaintiff,                  )<br>                                       )<br>    v.                                 )<br>                                       )<br> ALLEGHENY COUNTY, PROBATION           )<br> OFFICER KAREN OLLIS, PROBATION        )<br> OFFICER JEFFREY CIMA, THOMAS          )<br> MCCAFFREY, Director of Allegheny County )<br> Adult Probation,                      )<br>          Defendants.                  ) | Civil Action No. 12-1023<br>Judge Nora Barry Fischer |

## MEMORANDUM ORDER

This civil rights case arising out of probation violation proceedings against Plaintiff Raymond Bronowicz in the Court of Common Pleas of Allegheny County returns to the Court on remand following the decision of the United States Court of Appeals for the Third Circuit affirming, in part, and reversing, in part, this Court's dismissal of Plaintiff's Second Amended Complaint in its entirety.[1] *See Bronowicz v. Allegheny County*, 2013 WL 5724520, (W.D. Pa. Oct. 21, 2013), *aff'd, in part, rev'd, in part*, 804 F.3d 338 (3d Cir. 2015). Relevant here, the Third Circuit affirmed the dismissal of Plaintiff's § 1983 claims against the Probation Officers in their "official capacities," (Counts I, II, III, IV, and VI), and noted that the dismissal of the § 1983 claim against the Honorable Donald Machen, (Count IX), based on judicial immunity had not been challenged on appeal. *Id.* at 348-49, n.11. The Court of Appeals likewise affirmed the dismissal of Counts V and VII to the extent that said claims challenged two prior probation violation cases against Plaintiff in 2005 and 2008, which were barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), but reversed the dismissal of his claims

---

[1] Given the two separate judicial opinions setting forth the facts pled in Plaintiff's Second Amended Complaint, the Court refrains from restating the facts a third time and rules summarily.

1

challenging the activities of the probation officers regarding the 2011 probation violation case, holding that *Heck* did not bar those claims. *Id.* at 348-49. Finally, the state law claims pled at Counts X, XI, XII and XIII must now be reinstated as the sole basis for this Court's dismissal was the lack of supplemental jurisdiction due to the federal claims being dismissed, a decision which was not upheld. *Id.*

Given these rulings, Plaintiff's Second Amended Complaint has been reduced to the following claims:

- Count V – § 1983 claim alleging violations of the Fourth, Fifth and Sixth Amendments, as expressed through the Fourteenth Amendment, against Probation Officers Ollis, Cima and Director McCaffrey in their individual capacities, arising from the January 2011 probation violation proceedings;

- Count VII – § 1983 claim alleging violations of the Fourteenth Amendment's protections of substantive and procedural due process against Probation Officers Ollis, Cima and Director McCaffrey in their individual capacities, arising from the January 2011 probation violation proceedings;

- Count VIII – § 1983 *Monell* claim against Allegheny County and Director McCaffrey, arising from the 2011 probation violation proceedings;

- Count X, violation of Pennsylvania Constitution, Article I, § 8 against Probation Officers Ollis and Cima and Director McCaffrey;

- Count XI, violation of Pennsylvania Constitution, Article I, § 9 against Probation Officers Ollis and Cima and Director McCaffrey;

- Count XII, common law claim for intentional infliction of emotional distress against Probation Officers Ollis and Cima and Director McCaffrey; and,

- Count XIII, common law claim for malicious prosecution against Probation Officers Ollis and Cima and Director McCaffrey.

With that background, the Court turns to the instant Motion to Dismiss filed by

Defendants Ollis, Cima, McCaffrey and Allegheny County, (Docket Nos. 86, 87), which is opposed by Plaintiff, (Docket No. 95). Having fully considered the parties' arguments and after evaluating the allegations in Plaintiff's Second Amended Complaint, (Docket No. 52), in accordance with the relevant legal standards governing motions brought under Rule 12(b)(6), *see e.g., Fantone v. Latini*, 780 F.3d 184, 186 (3d Cir. 2015), i.e., accepting all well-pled factual allegations as true and drawing all reasonable inferences in Plaintiff's favor, as this Court must, and for the following reasons, Defendants' Motion to Dismiss is [86] denied, without prejudice to Defendants raising any applicable defenses at a later stage of the litigation.

Initially, the Court overrules Defendants' argument that Count V must be dismissed based on the "explicit source rule" because such count is allegedly "an attempt by Plaintiff to re-plead" the causes of action that he has separately pled at Counts I, II and III. (Docket No. 87 at 2). As noted above, Counts I, II, and III were dismissed by this Court, and affirmed on appeal, *see Bronowicz*, 804 F.3d at n.11, such that there is no redundancy in those particular claims. Similarly, Cima's motion to dismiss Count V against him on the basis that any Fourth Amendment claim stated in Count V is "already addressed in Count I" fails for the same reason.[2] *Id.* Accordingly, Defendants' motion to dismiss Count V relying on these theories is denied.

Defendant McCaffrey also moves for dismissal of the § 1983 claims against him on the alleged basis that Plaintiff is improperly seeking to hold him responsible for the conduct of the probation officers under a theory of *respondeat superior*. (Docket No. 87 at 2-4). But, the well-pled allegations set forth in Plaintiff's Second Amended Complaint delineate that Director McCaffrey was personally involved in the constitutional violations in this case as he was allegedly, among other things, aware of the past problems with probation officers making false

---

[2] Further, Cima's motion to dismiss Count VI, (Docket No. 87 at 9), is denied, as moot, the Court having previously dismissed Count VI, with such dismissal being affirmed by the Court of Appeals.

charges against probationers and later providing false information to Judges that said probationers had reached plea agreements to resolve same in an effort to persuade Judges to enter orders without requiring the probationer to appear in court. *See e.g. Argueta v. United States Immigration & Customs Enforcement*, 643 F.3d 60, 72 (3d Cir. 2011) ("'It is ... possible to establish [§] 1983 supervisory liability by showing a supervisor tolerated past or ongoing misbehavior"). Plaintiff also avers that Director McCaffrey was aware of the probation officers' specific actions in his case and acquiesced or agreed to their actions, further implicating him in the alleged constitutional deprivations. *See McKenna v. City of Phila.*, 582 F.3d 447, 460 (3d Cir. 2009) ("[A] supervisor must have been involved personally, meaning through personal direction or actual knowledge and acquiescence, in the wrongs alleged."). Thus, McCaffrey's motion to dismiss arguing that Plaintiff failed to sufficiently plead personal liability against him is denied.

Next, Defendants' motion to dismiss is denied to the extent that they maintain that Counts V, VII and VIII must be dismissed due to the alleged intervening acts of Judge Machen, relying on *Barr v. Clarion County*, 417 F. App'x 178 (3d Cir. 2011). (Docket No. 87). In this Court's estimation, *Barr* is distinguishable because Plaintiff has alleged that the Defendant Probation Officers fabricated probation violation charges against him, falsely arrested and incarcerated him and that Ollis provided false information to Judge Machen concerning a non-existent plea agreement that he accepted due to these misrepresentations. (*See* Docket No. 52). As the Court of Appeals noted in footnote 6 in *Barr*, it "adhere[s] to the well-settled principle that, in situations in which a judicial officer or other independent intermediary applies the correct governing law and procedures but reaches an erroneous conclusion because he or she is misled in some manner as to the relevant facts, the causal chain is not broken and liability may be imposed

upon those involved in making the misrepresentations or omissions." *Egervary v. Young*, 366 F.3d 238, 250 (3d Cir. 2004). Hence, in light of the above noted allegations, Plaintiff has stated sufficient facts to overcome the asserted superseding cause of Judge Machen's judicial act rendering dismissal on this theory inappropriate. *Id.*

Defendants have also raised immunity defenses to the federal claims but have not met their burden to demonstrate that these affirmative defenses appear clearly on the face of the Second Amended Complaint. *See Leveto v. Lapina*, 258 F.3d 156, 161-62 (3d Cir. 2001). Rather, the Court believes that these defenses are invoked in cursory fashion and are largely unsupported at this juncture of the case such that they must be denied, without prejudice. In this regard, Ollis maintains that she is entitled to absolute immunity as she was performing adjudicatory functions at the January 2011 probation violation hearing, (Docket No. 87), but Plaintiff has alleged that she was engaged in broader, executive and investigative functions to which absolute immunity would not attach such as, among other things, charging plaintiff with probation violations, arresting him and appearing at a probation violation hearing not as a hearing officer but in more of a prosecutorial role. *See Wilson v. Rackmill*, 878 F.2d 772, 775-76 (3d Cir. 1989).[3] With respect to the alternative theory of qualified immunity, again, Plaintiff has pled that the probation violation charges lodged against him by the Probation Officers were fabricated, he was wrongly arrested and incarcerated as a result and then sentenced to imprisonment after Ollis provided false information to the Judge about a non-existent plea

---

[3] The Third Circuit held that:
> We must examine the allegations of appellant's complaint to discern whether appellant alleged that the two defendants performed adjudicatory duties, entitling them to absolute immunity, or executive and administrative duties, entitling them to qualified or good faith immunity. In order for the defendants to succeed on a Rule 12(b)(6) dismissal based on absolute immunity, the allegations of appellant's complaint must indicate the existence of absolute immunity as an affirmative defense; the defense must clearly appear on the face of the complaint.

*Wilson*, 878 F.2d at 775-76.

agreement. (Docket No. 52). Defendants' position essentially ignores all of these well-pleaded factual averments and does not raise any other basis for qualified immunity to attach. *See Estate of Lagano v. Bergen Cnty. Prosecutor's Office.*, 769 F.3d 850, 858 (3d Cir. 2014) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)) (to determine whether qualified immunity applies to a particular claim, this Court must engage in a two pronged analysis to decide "'(1) whether the plaintiff alleged sufficient facts to establish the violation of a constitutional right, and (2) whether the right was 'clearly established' at the time of the defendant's actions."). Accordingly, Plaintiff's averments, if proven, suffice to defeat the bare assertions of qualified immunity by the Probation Officers and Director McCaffrey at this point in the litigation.

With respect to the *Monell* claim asserted at Count VIII, the asserted bases for dismissal are that Allegheny County cannot be liable for the activities of elected Judges or Probation Officers, as these are Commonwealth employees whom they neither employ nor control. (Docket No. 87). However, the scope of the allegations in Plaintiff's Second Amended Complaint reach beyond those allegations and also include that an Assistant District Attorney, a county-employee, was involved with the Probation Officers in rearranging charges in a manner that provided a basis for the probation violation proceedings in 2011 which Plaintiff contends were illegal. (*See* Docket No. 52 at ¶¶ 41, 43, 53). Given such allegations, the Court cannot find that the County's affirmative defense supports dismissal based solely on the face of the Second Amended Complaint. *See e.g., Morgan v. Covington Tp.*, 648 F.3d 172, 178-79 (3d Cir. 2011); *Bohus v. Restaurant.com, Inc.*, 784 F.3d 918, 930, n.1 (3d Cir. 2015) (dismissal is only appropriate under 12(b)(6) on the basis of an affirmative defense if it is apparent on the face of the complaint and documents relied on in the complaint.). Therefore, the County's motion to dismiss is denied, without prejudice.

Finally, Defendants' Motion to Dismiss asserting that Counts X, XI, XII and XIII, i.e., the state law claims, are barred by the Pennsylvania Political Subdivision Tort Claims Act ("PSTCA"), 42 Pa. C.S.A. §§ 8541-8564, is DENIED. As Plaintiff points out, because Probation Officers Ollis and Cima and Director McCaffrey are Commonwealth employees, the PSTCA does not afford them immunity from suit. *See e.g., Spiker v. Allegheny County Bd. of Probation and Parole*, 920 F. Supp. 2d 580, 610 (W.D. Pa. Jan. 30, 2013) (Conti, C.J.) (holding that probation officer "is not entitled to immunity under the PTSCA because she is not an employee of a local agency."). Defendants have not set forth any alternative bases to raise immunity to these claims. Accordingly, Defendants' motion to dismiss Counts X, XI, XII, and XIII is also denied, without prejudice.

For these reasons,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss [86] is denied; and,

IT IS FURTHER ORDERED that Defendants shall file an Answer to Plaintiff's Second Amended Complaint by **December 23, 2015**.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

cc/ecf: All counsel of record.